(C.D. 2334)

## J. M. ALTIERI *v.* UNITED STATES

United States Customs Court, Third Division

(Decided April 26, 1962)

*Jaime Pieras, Jr.*, for the plaintiff.
*William H. Orrick, Jr.*, Assistant Attorney General (*Murray Sklaroff* and *Richard H. Welsh*, trial attorneys), for the defendant.

Before JOHNSON, DONLON, and RICHARDSON, Judges

JOHNSON, Judge: This is a protest against the collector's assessment of duty on articles, described as a plaque of St. Joseph, at 4.5 cents per dozen pieces and 22½ per centum ad valorem under paragraph 211 of the Tariff Act of 1930, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, T.D. 54108, as earthenware articles valued at $10 or more per dozen and not tableware, kitchenware, or table or kitchen utensils. It is claimed that the articles are entitled to free entry under paragraph 1774 of said tariff act, as amended by Public Law 1001, 84th Congress, 70 Stat. 1066.

The pertinent provisions of said tariff act, as so modified and amended, are as follows:

[PAR. 211, as modified]. Earthenware and crockery ware composed of a non-vitrified absorbent body, * * * including * * * plaques, ornaments, * * * statues, * * * and all other articles composed wholly or in chief value of such ware, whether plain white, plain yellow, plain brown, plain red, plain black, painted, colored, tinted, stained, enameled, gilded, printed, ornamented, or decorated in any manner, and manufactures in chief value of such ware, not specially provided for; all the foregoing valued at $10 or more per dozen and if not tableware, kitchenware, or table or kitchen utensils_____ 4.5¢ per doz. pieces and 22½% ad val.

PAR. 1774 [as amended]. Altars, * * * shrines, * * * or parts of any of the foregoing, and statuary (except casts of plaster of paris, or of compositions of paper or papier-mâché), imported in good faith for the use of, either by order of or for presentation (without charge) to, any corporation or association organized and operated exclusively for religious purposes. [Free.]

At the trial, there were received in evidence several photographs depicting the imported articles after having been set in place at the Colegio San José, Rio Piedras, Puerto Rico. (Plaintiff's collective exhibits 1 and 2.) The articles consist of a statue of St. Joseph, apparently attached to the background material, with four ornamental medallions on each side and three medallions above, each with a different shield or coat of arms. The articles have been set.in a wall above an entrance to a building from an open patio.

Raymond B. Glemet, principal of Colegio San José and director of the religious community that teaches there, testified that he had been a member of the religious order of the Brothers of Mary for 27 years and that, during all those years, he had been in schools conducted by the order in the United States, in Chile, and in Puerto Rico.

The witness stated that the articles constituting the plaque involved herein were placed in the main patio of Colegio San José; that they had been purchased by the parents' organization to foster devotion to St. Joseph, the patron saint of the college; and that devotions were held there, especially during the month of March and on May 1. The witness stated that he considered the plaque to be a shrine, a place of devotion; that it is the center of religious activities, such as saying the Rosary, discourses by priests, saying Mass in the open air, and holding retreats. He said that the photographs in plaintiff's collective exhibit 2 depict the saying of Mass on the day of the dedication of the new building and that those in plaintiff's collective exhibit 1 show the recitation of the Rosary by the whole student body.

As to the purpose of the school, the witness testified:

The function of Colegio San José is to train young men from the sixth grade through high school; the primary motive, of course, is to make them good practicing Catholics, and also to prepare them for college.

\* \* \* \* \* \* \*

X Q. The school offers a college preparatory course?—A. Yes.

X Q. And teaches a college preparatory course?—A. Yes.

X Q. And this is a free school, or is there tuition involved?—A. It is a tuition school.

\* \* \* \* \* \* \*

R Q. What is the main purpose of the religious order in maintaining and teaching in this school?—A. Our primary purpose of being here in Puerto Rico is not to teach a preparatory course. Our main purpose is to teach the boys to become good Catholics, good Christians.

On the record presented, plaintiff claims that the plaque involved herein is a shrine, imported in good faith for the use of a corporation or association organized and operated exclusively for religious purposes, and is entitled to free entry under paragraph 1774, *supra*. Defendant denies that the article is entitled to free entry on the ground that the school is not operated exclusively for religious purposes.

It appears from the testimony quoted above that while one purpose of the religious order which conducts the school is to teach the students to become good Catholics, another purpose is to prepare them for college.

A similar situation was before the court in *F. Pustet Co., Inc.* v. *United States*, 64 Treas. Dec. 352, T.D. 46667. In that case, the merchandise consisted of statues imported for presentation without charge to the Protectory, Mt. Alverno, Cincinnati, Ohio. According to the record, the Protectory was operated by the Franciscan Brothers for the purpose of caring for neglected boys and young men under the age of 18, supporting and educating them, and teaching them useful trades while bringing them up in moral and religious training according to the teachings of the church. A letter from the Brother Superior stated that the order conducted a regular school to instruct and train suitable boys in the duties of citizenship and to provide religious consolation to those in the care of the institution.

On that record, the court held that the statues were not entitled to free entry under paragraph 1774, stating (p. 354):

It will be noted that, in order to come within the provisions of paragraph 1774, the corporation to which these statues were presented must be shown to have been organized and to be operated "exclusively" for religious purposes. The evidence introduced in the case at bar establishes that the Protectory is not exclusively a religious corporation but is also an educational institution; therefore the statues in controversy cannot be granted free entry under paragraph 1774.

Likewise, in the instant case, Colegio San José is not exclusively a religious corporation. It is also an educational institution. Therefore, the imported articles constituting the plaque are not entitled to free entry under paragraph 1774, *supra*.

The protest is overruled and judgment will be rendered for the defendant.